IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SURINDER SINGH**                                                                                           **PLAINTIFF**

**V.**                                                                                 **CAUSE NO. 3:21-CV-164-CWR-LGI**

**B4B TRUCK, INC.** *also known as* **A One Transport; POONI SINGH**                                                      **DEFENDANTS**

## **ORDER**

Before the Court is the plaintiff's motion to remand. Docket No. 4. On review, the motion will be denied.

This is a personal injury case arising from a car accident. The plaintiff commenced suit in state court. It is undisputed that the plaintiff's original state-court complaint did not render this case removable. *See id.* at 3. At that time, the amount in controversy was unspecified.

The plaintiff contends that the case first became removable on September 30, 2020, when plaintiff's counsel told defendants' counsel that his client would need a two level cervical fusion surgery. The plaintiff argues that the case became removable again on November 23, 2020, when plaintiff's counsel produced medical notes recommending the same surgery.

The defendants did not remove the case at either of those times. Instead, they propounded requests for admissions asking the plaintiff to clarify the amount in controversy. When those responses indicated that the amount in controversy exceeded $75,000, the defendants timely removed the case to this Court. The present motion followed.

The question is whether the recommendation of a two level cervical fusion surgery is "unequivocally clear and certain" evidence that the amount in controversy exceeds $75,000. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Court finds such a recommendation neither clear nor certain evidence of the amount in controversy. A defense

attorney reviewing counsel's email and medical records would need to guess that the surgery would cost more than $75,000. But that guess is not enough to meet the evidentiary standard.

Instead, defense counsel followed the better practice of seeking evidence about the amount in controversy—awaiting another paper or pleading that would satisfy the jurisdictional requirement. *See, e.g.*, *Powell v. Target Corp.*, No. 3:16-CV-127-CWR-LRA, 2016 WL 4573974, at *3-4 (S.D. Miss. Sept. 1, 2016) (response to interrogatory met other paper requirement); *Grayson v. Moncla Well Serv., Inc.*, 844 F. Supp. 2d 789, 793 (S.D. Miss. 2011) (settlement demand met other paper requirement); *Ellis v. Piccadilly Restaurants, LLC*, No. 3:11-CV-394-CWR-FKB, 2011 WL 8198686, at *3 (S.D. Miss. Sept. 26, 2011) (notice of default judgment met other paper requirement). The defendants will not be penalized for that sound course of action.

For these reasons, the motion is denied.

**SO ORDERED**, this the 17th day of March, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
